**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**        **CASE NUMBER: 09-15074
HONORABLE VICTORIA A. ROBERTS**

**v.**

**TRACY FOSTER,**

        **Defendant(s).**
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

On February 7, 1989, Defendant Tracy Foster signed a promissory note for a $2,000.00 loan from Merchant's National Bank. The loan was disbursed on February 16, 1989. The loan obligation was guaranteed by Nebraska Student Loan Program. It was reinsured by the Department of Education.

On September 27, 1989, Foster signed a promissory note for a $2,600.00 loan from Comerica Bank. The loan was disbursed on December 19, 1989. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority. It was reinsured by the Department of Education.

On December 5, 1990, Foster signed a promissory note for a $2,000.00 loan from Michigan Direct Student Loan Program. The loan was disbursed on May 10, 1991. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority. It was reinsured by the Department of Education.

Foster defaulted on the loans on September 21, 1989 and December 31, 1991.

1

On December 31, 2009, the United States of America filed a Complaint against Foster for breach of contract.

Before the Court is the United States of America's Motion for Summary Judgment. (Doc. #12).

Fed. R. Civ. P. 56(c) says summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

Foster did not respond to the United States of America's Motion for Summary Judgment. Nonetheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must always bear the initial burden of demonstrating the absence of a genuine issue of material fact, even if the party fails to respond. *Id.* at 454-55. "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [it] has discharged that burden." *Id.* at 455.

After reviewing the Complaint, Foster's Answer to the Complaint, the United States of America's Motion for Summary Judgment, Foster's Promissory Notes, and the Department of Education's Certificates of Indebtedness, the Court finds there is no genuine issue of material fact that Foster breached the Promissory Notes.

The United States of America's motion is **GRANTED**. The United States of America is entitled to: (1) $15,766.79 as of April 9, 2010; (2) pre-judgment interest at the rate of 8% per annum; (3) $350.00 for the filing cost; and (4) post-judgment interest pursuant to 28 U.S.C. §1961.

The United States of America has until **June 17, 2010** to file a motion for attorneys' fees. The motion must be supported by invoices and other supporting documentation.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: June 11, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 11, 2010.
>
> s/Linda Vertriest
> Deputy Clerk