UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     CIVIL ACTION NO. 09-CV-15074

vs.

                                 DISTRICT JUDGE VICTORIA A. ROBERTS

TRACY FOSTER,                  MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant Foster's Motion to Set Aside Default and Default Judgment (docket no. 16) be **DENIED**.

**II.**    **REPORT:**

      This matter comes before the Court on Defendant Foster's Motion to Set Aside Default and Default Judgment. (Docket no. 16). Plaintiff has responded to the motion. (Docket no. 17). Defendant has filed a reply. (Docket no. 18). The motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 19). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

**A.**    **Facts and Procedural History**

      This is a student loan case. Plaintiff filed suit on December 31, 2009 alleging default and non-payment by the Defendant on three student loans that Defendant took out in 1989 and 1990. Each of the loans was reinsured by the Department of Education. Defendant's answer to the complaint states that she does not have any income and cannot pay the loans. (Docket no. 3).

The Court entered a scheduling order on April 7, 2010 setting a dispositive motion cutoff date of May 10, 2010 and ordering that response briefs must be filed and in opposing counsel's hands by June 4, 2010. (Docket no. 11). The scheduling order also informed the parties that motions would be decided on the briefs unless otherwise ordered by the Court. Plaintiff filed a Motion for Summary Judgment on April 9, 2010. (Docket no. 12). Attached as exhibits to the motion are promissory notes bearing Defendant's signature and certificates of indebtedness for the loans at issue. (Docket no. 12, exs. 1-2). Plaintiff mailed a copy of its Motion for Summary Judgment to Defendant's counsel, Attorney Mark Schwesinger. (Docket no. 13). Defendant did not file a response to the Motion for Summary Judgment. On June 11, 2010 the Court granted the Motion for Summary Judgment and entered judgment in favor of Plaintiff in the amount of $15,766.79 plus interest and filing costs. (Docket nos. 14, 15).

Defendant then filed the Motion to Set Aside Default and Default Judgment now under consideration. The motion maintains that defense counsel is unfamiliar with Federal Court practice and was waiting on the setting of a hearing date to file a response. The motion further maintains that Defendant has a meritorious defense to the complaint and should not be penalized by her counsel's inadvertent failure to file a response to Plaintiff's Motion for Summary Judgment. (Docket no. 16). Defendant asserts that she does not owe all the monies claimed by Plaintiff. In her defense, Defendant admits that she completed the promissory note application for Merchant's National Bank, but states that she did not request a student loan for Michigan Computer Institute, never received proceeds from the student loan, and did not assign any interest in the loan to the Michigan Computer Institute. She further maintains that although she applied for a loan to attend Jordan College, she attended the college for only a few weeks before she left the school permanently due to a death in

her family.

**B.    Analysis**

Defendant moves to set aside a default and default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).  Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed.R.Civ.P. 55(c).  Because there has been no entry of default under Rule 55(a) and no default judgment entered in this case, Rule 55(c) does not apply.

Rule 60(b) of the Federal Rules of Civil Procedure allows the court upon motion to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(1), (6).  A court may grant relief under Rule 60(b) only in the following situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir.2002) (citation omitted).  "[A] party must first demonstrate excusable neglect before other factors such as whether a defendant has a meritorious defense and prejudice to the plaintiff will be considered."  *Id*. at 456 (citation omitted).  Relief under Rule 60(b)(6) "for any other reason that justifies relief" is not warranted in the absence of exceptional or extraordinary circumstances.  *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir.2002).

Defendant argues that she should not be penalized by her attorney's inadvertent failure to file a response to Plaintiff's Motion for Summary Judgment.  The Supreme Court has expressly rejected this argument.  *See United States v. Reyes*, 307 F.3d at 456 (citing *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir.1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

380, 396-97 (1993)) ("The Supreme Court has expressly rejected a suggestion previously made by this court that 'it would be inappropriate to penalize [the clients] for the omissions of their attorney.' "). Instead, the accepted rule in this circuit is that the performance of a client's attorney must be taken into account when deciding a motion under Rule 60(b) and "clients must 'be held accountable for the acts and omissions of their chosen counsel.' " *Id.* (citing *Allen v. Murph*, 194 F.3d at 724).

E.D. Mich. LR 7.1 provides that a party opposing a dispositive motion must file a response, including a brief and supporting documents when available, within 21 days after service of the motion. E.D. Mich. LR 7.1(c)(1), (e)(1)(B). Furthermore, the scheduling order in this case provides that response briefs "must be filed and in opposing counsel's hands" by June 4, 2010.  (Docket no. 11).  Additionally, as previously noted, the parties were clearly instructed that motions in this case would be decided on the briefs unless otherwise ordered by the Court.  Defense counsel's failure to interpret and follow the local rules of this Court and the scheduling order entered in this case does not constitute excusable neglect under Rule 60(b).  *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683-87 (6th Cir.1999).  Nor do the facts of this case state exceptional or extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6) for "any reason that justifies relief."

Accordingly, the Court recommends that Defendant's Motion to Set Aside Default and Default Judgment (docket no. 16) be **DENIED**.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

4

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 15, 2011           s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 15, 2011          s/ Lisa C. Bartlett
                                        Case Manager